FRANKLIN MORTGAGE AND TITLE INSURANCE CO., A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. WILLIAM MUSTER AND JAMES BAUMAN, JOINTLY AND SEVERALLY, DEFENDANT-APPELLANT.

Argued October 16, 1946—Decided February 3, 1947.

For the plaintiff-respondent, *Elmer O. Goodwin.*

For the defendant-appellant, *Chandless, Weller & Kramer* (*John Frank, Jr.,* and *Ralph Chandless,* of counsel).

The opinion of the court was delivered by

EASTWOOD, J. This is an appeal from a judgment of the Supreme Court entered as the result of the granting of plaintiff-respondent's motion to strike the answer of the defendant-appellant, James Bauman (apparently William Muster did not defend).

The suit is an action to recover the amount of a deficiency arising as the result of the foreclosure of the mortgage in question. Defendant-appellant, James Bauman and William Muster, were not parties to the original bond and mortgage. They acquired title subsequent to the execution and delivery thereof. Thereafter they executed an agreement extending the maturity date of the mortgage, whereby they agreed to pay the debt created by the said bond. Foreclosure proceedings ensued and the mortgaged premises were bought in at

the sheriff's sale by plaintiff-respondent for $100, thereby creating a deficiency under the bond in the amount of $63,093.34. Defendant-appellant filed no defense to the foreclosure suit.

By way of answer to the present suit, the defendant-appellant, James Bauman, has set forth various defenses. After setting forth the usual formal defenses by way of answer to the first and second counts of the complaint, defendant-appellant interposes seven affirmative defenses. By way of condensation, such affirmative defenses seek to defeat plaintiff-respondent's right of recovery on the grounds that: (1) Plaintiff-respondent has failed to proceed in accordance with article 1 of chapter 65 of title 2 of the Revised Statutes of New Jersey, in respect to the foreclosure and sale referred to in the complaint; (2) by an agreement made on July 18th, 1929, between the parties, the defendants were substituted as and constituted as the obligors on the mortgage bond of June 3d, 1926, and thereby it became the legal duty of plaintiff-respondent to proceed in respect to the foreclosure and sale referred to in the complaint in accordance with the provisions of article 1, chapter 65 of title 2 of the Revised Statutes of New Jersey, which it has failed to do; (3) a. Plaintiff-respondent has failed to avail itself fully of and exhaust all the security held by it to cover its debt prior to the institution of this action, in that the rights of certain tenants in a portion of the mortgaged premises were not cut off by the foreclosure decree. b. The vendible value of the mortgaged premises was materially lessened because the complainant had entered into possession of the mortgaged premises and through its own actions and neglect dissipated its security. c. The vendible value of the mortgaged premises was materially lessened by deterring bidding at the time of the sheriff's sale, as the result of the fact that the mortgaged premises were sold by the sheriff subject to unpaid municipal taxes and assessments, without the amount thereof having been advertised, specified, or otherwise announced; (4) that defendant-appellant was discharged of liability as surety or guarantor by virtue of plaintiff-respondent's having taken possession of the mortgaged premises and dissipating and

wasting the same, and further, by plaintiff-respondent's sale of the premises for other than the best price obtainable; (5) that plaintiff-respondent sustained no loss or injury or damage as the result of defendant-appellant's breach of an extension agreement executed by and between the parties on July 18th, 1929; (6) that plaintiff-respondent holds title to the mortgaged premises in its own name in violation of law and without having given defendant-appellant credit for the value thereof, and (7) the present suit comprises an attempt to exact a penalty or forfeiture from the defendant-appellant, James Bauman.

Among the defenses set up in the answer to the deficiency suit, it is claimed that a part of the mortgaged premises were occupied and in the possession of Henry Lombardi and Joseph Lombardi, trading as Lombardi Brothers, as tenants thereof subordinate to plaintiff's mortgage; that the bill of complaint in the foreclosure suit alleged such fact and made them party defendants; and that no decree was entered against either Henry Lombardi or Joseph Lombardi. (3a. *supra*.) However, a reading of the affidavits filed on behalf of plaintiff-respondent on its motion to strike the answer of defendants, makes it clear that prior to the entry of the final decree, Henry Lombardi and Joseph Lombardi, trading as Lombardi Brothers, vacated that portion of the mortgaged premises occupied by them, and that on September 7th, 1945, five days before the final decree was entered, an order was made in the cause discontinuing the suit as to them. The affidavit setting forth these facts is uncontroverted by the defendant-appellant, Bauman. It would seem obvious and we so hold that the rights of Lombardi Brothers as tenants of part of the mortgaged premises were properly cut off and extinguished, and their interest, having been voluntarily terminated, never again came into existence. The defense, therefore, of failure to exhaust all the security held by plaintiff-respondent, must fall. The defense as set forth in (3c) *supra*, to the effect that the vendible value of the mortgaged premises was materially lessened by deterring bidding at the time of the sheriff's sale by the sheriff's statement that the sale was made "subject to unpaid municipal taxes and assess-

ments" does not find substantiation in fact. It appears that actually there were no taxes or assessments due at the time of the sheriff's sale, such taxes and assessments having been paid for the full year 1945 on October 10th, 1945. The sheriff's sale was conducted on October 31st, 1945. We find that plaintiff-respondent fully complied with the requirements of R. S. 2:75-14, which requires that defects in title and liens or encumbrances thereon with the approximate amount of such liens or encumbrances, if any, be inserted in the notices and advertisements required by law and in the conditions of sale. In so far as the proofs disclose the statutory mandate was fully observed. In addition, plaintiff-respondent's attorney announced at the sheriff's sale that "the sale was subject to zoning ordinances and restrictions of record, if any." We conclude that the conduct of the sheriff's sale was proper in all respects, and that there was nothing that can be said to have lessened the vendible value of the mortgaged premises by deterring bidding. We find that the other defenses raised by the defendant-appellant, James Bauman, are without merit. The order striking the answer was, therefore, properly granted.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, PARKER, BODINE, DONGES, HEHER, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 13.

*For reversal*—COLIE, J. 1.